The plaintiff's equity of redemption in the land, mortgaged by him to the defendant to secure the sum of $400, had been sold under an execution issued on a judgment obtained by the defendant against him for the mortgage debt, and bid off by the defendant for the sum of $298, which sum the sheriff credited on the execution. The land has since been sold as defendant's property to satisfy his creditors, and the defendant is now pursuing the plaintiff for what he calls the balance of the mortgage debt. This action is brought by the defendant in the execution against the plaintiff therein to recover the amount of his bid, upon the ground that it was so much bid over and above the mortgage debt, and therefore belongs to him. Or, to speak more intelligently, the biddings at such sales are the sums named or offered, added to the mortgage debt. And if the construction of the act of 1812 (Rev., ch. 830), contended for is correct, the money thus bid belongs to the defendant in the execution. But even (507) if it does, can the action be sustained? Is there any contract or privity between the defendant in the execution and the bidder? Is not the contract made with the sheriff? Is he not the person to enforce it? And if he omits or refuses to perform his duty, is he not the person responsible to the defendant? Certainly, no action can lie for this plaintiff against the bidder, unless in analogy to those cases where a contract is made by a mere agent, and the principal assumes the right to himself, and brings an action to enforce it. But these are cases of mere agents to sell, and to collect if the principal pleases. The principal may put an end to the agency at his pleasure, and assume his rights to himself. When he does this he affirms the sale as his act, and can enforce performance. But is the sheriff a mere agent to sell? Is not his authority entire and irrevocable? Do not his duties require that his agency, if it be one, should continue until the transaction is finished? We think it does, and that he is the proper person to enforce the performance of the contract. The same principle would sustain an action against any purchaser at a sheriff's sale, where more is bid than will satisfy the execution. If this action will lie, an action will lie against such bidder at the instance of the defendant in the execution to recover the surplus. If it be said this is arguing in a circle, and *Page 328 
that such an action will lie, it is answered that cases of that kind are of daily occurrence, and yet we never have known such an action brought, which is strong evidence that it could not be supported. Whatever, therefore, may be the just construction of the act of 1812, we think this action cannot be sustained.
PER CURIAM. Affirmed.
Cited: Bissell v. Bozman, 17 N.C. 165; Camp v. Coxe, 18 N.C. 52.
(508)